IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANDREW JAMISON**                                                                     **PETITIONER**

**V.**                                                  **NO. 4:20-CV-214-DMB-RP**

**CENTRAL MISSISSIPPI**
**CORRECTIONAL FACILITY, et al.**                                         **RESPONDENTS**

## ORDER

On or about October 13, 2020, Andrew Jamison filed a pro se complaint in the United States District Court for the Northern District of Mississippi challenging the conditions of his confinement under 42 U.S.C. § 1983. Doc. #1.[1] In his complaint, Jamison also asserted a habeas claim alleging that his post-release supervision had been unlawfully revoked. *Id.* at PageID 4–5.

On December 14, 2020, because Jamison's complaint "contain[ed] elements of both a prisoner civil rights suit under 42 U.S.C. § 1983 and a habeas corpus proceeding under 28 U.S.C. § 2254," the Court issued an order directing the Clerk of Court to open this case as a separate habeas proceeding under 28 U.S.C. § 2554.[2] Doc. #3 at 1. The order also directed Jamison to return the proper "form for initiating a petition under Section 2254, as well as a form for proceeding *in forma pauperis*" within thirty days of the date of the order, and warned that his "failure to do so may result in the dismissal" of this case. *Id.* at 1–2. Despite this directive, Jamison failed to return

---

[1] Jamison's complaint was initially filed in case number 4:20-cv-180.

[2] Jamison's § 1983 claims were transferred to the Southern District of Mississippi. *See* No. 4:20-cv-180, at Doc. #18. Habeas claims are generally not properly presented under Section 1983. *See Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997) (When a "favorable determination [of the habeas claim] would … entitle the prisoner to accelerated release, … he must first get a habeas judgment."); *see also Heck v. Humphrey*, 512 U.S. 477 (1994) (finding a claim that calls into question the lawfulness of conviction or confinement, or otherwise demonstrates the invalidity of the conviction or confinement, is not cognizable under § 1983).

the proper forms, and the deadline for doing so has passed.[3] Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this habeas action is **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order.

**SO ORDERED**, this 21st day of January, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Jamison signed an acknowledgment dated December 30, 2020, confirming his receipt of the December 14 order. *See* No. 4:20-cv-180, at Doc. #17.